IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02909-BNB

JOSEPH BRADSHAW,

     Applicant,

v.

D. BERKEBILE, Warden,

     Respondent.

---

ORDER OF DISMISSAL

---

Applicant, Joseph Bradshaw, is a prisoner in the custody of the United States

Bureau of Prisons who is incarcerated at the United States Penitentiary, Administrative

Maximum, in Florence, Colorado.  Mr. Bradshaw filed *pro se* an Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1).  He paid the $5.00 filing fee.

ECF No. 5.

On November 13, 2013, Magistrate Judge Boyd N. Boland entered an order

(ECF No. 7) directing Mr. Bradshaw to show cause why the habeas corpus application

should not be denied because he had an adequate and effective remedy pursuant to 28

U.S.C. § 2255 in the United States District Court for the District of Massachusetts

(District of Massachusetts), the sentencing court.  On November 22, 2013, Mr.

Bradshaw filed his response (ECF No. 8) to the order to show cause.

The Court must construe liberally the application and response to the show-

cause order because Mr. Bradshaw is not represented by an attorney.  *See Haines v.*

*Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the application will be denied.

Mr. Bradshaw, "'a recidivist robber,'" *see United States v. Bradshaw*, 281 F3d 278, 280 (1st Cir. 2002), *cert denied*, 537 U.S. 1049 (2002), was convicted by a jury in the District of Massachusetts on charges including armed robbery and attempted murder and was sentenced under the "Three Strikes Law," 18 U.S.C. § 3559(c), to life imprisonment based upon six previous convictions in the Massachusetts courts for "serious violent felonies."  *See Bradshaw*, 281 F.3d at 281, *see also* 18 U.S.C. § 3559(c)(1)(A)(i).  The United States Court of Appeals for the First Circuit (First Circuit) affirmed.  *See Bradshaw*, 281 F.3d at 281.  The Court may take judicial notice of its own records and files that are part of the Court's public records.  *See, e.g., Wolf v. Suthers*, No. 13-cv-00234-BNB (D. Colo. filed Jan. 30, 2013); *see also St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

After receiving no relief on direct appeal, Mr. Bradshaw filed his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the District of Massachusetts in *Bradshaw v. United States*, Civil Action No. 03-12272-DPW (D. Mass. July 16, 2004).  *See Bradshaw v. United States*, Civil Action Nos. 03-12272-DPW, 03-12324-DPW, 2004 WL 1618848 (D. Mass. July 16, 2004) (unpublished).  Mr. Bradshaw, who had three consecutive lawyers appointed for him during the course of trial proceedings, maintained he was denied the effective assistance of counsel by his third attorney, who also represented him in his unsuccessful appeal.  *See id.* at *1.  The district court denied the motion, finding that Mr. Bradshaw failed to satisfy either prong

of the two-part test for ineffectiveness established by *Strickland v. Washington*, 466
U.S. 668 (1984).  *See Bradshaw*, Civil Action Nos. 03-12272-DPW, 03-12324-DPW,
2004 WL 1618848, *at 1.

In his second § 2255 motion filed in *Bradshaw v. United States*, Civil Action No.
03-12324-DPW (D. Mass. July 16, 2004), Mr. Bradshaw asserted a variety of
complaints regarding alleged shortcomings by his trial counsel and thereafter in her
work as his appellate counsel.  *See Bradshaw*, Civil Action Nos. 03-12272-DPW, 03-
12324-DPW, 2004 WL 1618848, *at 2.  The district court found each complaint to be
without merit and dismissed both Civil Action Nos. 03-12272-DPW and 03-12324-DPW.
*See* Civil Action Nos. 03-12272-DPW, 03-12324-DPW, 2004 WL 1618848, at *2-3.  On
May 24, 2006, the First Circuit affirmed.  *See Bradshaw v. United States*, No. 05-2281
(1st Cir. Mar. 29, 2006); *see also* Civil Action No. 03-12272-DPW at ECF No. 41.

On October 24, 2013, Mr. Bradshaw filed in this Court an Application for a Writ of
Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) challenging his conviction
and sentence.  He now asserts his innocence, a claim he contends he has not raised
previously.  *See* ECF No. 8 at 5.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C.
§ 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established.  "A
petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its
validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention."  *Bradshaw
v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  A habeas corpus petition pursuant to 28
U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief
afforded by motion in the sentencing court under § 2255."  *Williams v. United States*,

323 F.2d 672, 673 (10th Cir. 1963) (per curiam).  Instead, "[t]he exclusive remedy for

testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is

that provided for in 28 U.S.C. § 2255."  *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir.

1965); *see* 28 U.S.C. § 2255(e).

Mr. Bradshaw bears the burden of demonstrating that the remedy available

pursuant to § 2255 is inadequate or ineffective.  *See Prost v. Anderson*, 636 F.3d 578,

584 (10th Cir. 2011).  This burden is not easily satisfied because "[o]nly in rare

instances will § 2255 fail as an adequate or effective remedy to challenge a conviction

or the sentence imposed."  *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see*

*also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy

available pursuant to § 2255 is inadequate or ineffective only in "extremely limited

circumstances").  The test for determining whether the remedy provided in the

sentencing court pursuant to § 2255 is inadequate or ineffective is whether Mr.

Bradshaw's claims could have been raised in an initial § 2255 motion.  *See Prost*, 636

F.3d at 584.  "If the answer is yes, then the petitioner may not resort to the savings

clause [in § 2255(e)] and § 2241."  *Id.*

Mr. Bradshaw fails to demonstrate that the remedy available to him pursuant to

§ 2255 in the sentencing court is inadequate or ineffective.  He could and should have

asserted his innocence in a prior § 2255 motion.  His failure to do so does not make §

2241 an additional, alternative, or supplemental remedy.  The fact that Mr. Bradshaw

has sought and been denied relief pursuant to § 2255 does not mean that the remedy

provided in § 2255 is inadequate or ineffective, *see Bradshaw*, 86 F.3d at 166 (quoting

*Williams*, 323 F.2d at 673 ("Failure to obtain relief under § 2255 does not establish that

the remedy so provided is either inadequate or ineffective."), despite Mr. Bradshaw's

arguments to the contrary in the November 22 response (ECF No. 8) to the show-cause

order.  The fact that Mr. Bradshaw likely is barred from raising his claim in a second or

successive motion pursuant to § 2255, by itself, also does not demonstrate that the

remedy provided in § 2255 is inadequate or ineffective.  *See Caravalho*, 177 F.3d at

1179.  Therefore, the § 2241 application will be denied because Mr. Bradshaw has an

adequate and effective remedy pursuant to § 2255 in the sentencing court.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

from this order would not be taken in good faith and therefore *in forma pauperis* status

will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Mr. Bradshaw files a notice of appeal he must also pay the full $505.00

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.

Accordingly, it is

ORDERED that the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C.

§ 2241 (ECF No. 1) that Applicant, Joseph Bradshaw, filed *pro se* on October 24, 2013,

is denied and this action dismissed because Applicant has an adequate and effective

remedy in the United States District Court for the District of Massachusetts, the

sentencing court.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED December 3, 2013, at Denver, Colorado.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court