IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02909-LTB

JOSEPH BRADSHAW,

    Applicant,

v.

D. BERKEBILE, Warden,

    Respondent.

ORDER DENYING MOTION TO RECONSIDER

    Applicant, Joseph Bradshaw, is a prisoner in the custody of the United States Bureau of Prisons incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado.  He filed *pro se* on December 18, 2013, a motion titled "Motion for Reconsideration" (ECF No. 14) pursuant to Rules 52(b) and 59(b) of the Federal Rules of Civil Procedure asking the Court to reconsider and vacate the Order of Dismissal (ECF No. 12) and the Judgment (ECF No. 13) entered in this action on December 3, 2013.

    The Court must construe the December 18 motion liberally because Mr. Patterson is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the motion will be treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and will be denied.

    A litigant subject to an adverse judgment who seeks reconsideration by the

district court of that judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Applicant's motion was filed fifteen days after the Court's Order of Dismissal and Judgment were entered on December 3. Therefore, The Court will consider Applicant's December 18 motion pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.*

On December 3, the Court dismissed the instant action without prejudice because Mr. Bradshaw has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court, the United States District Court for the District of Massachusetts. The December 3 dismissal order discusses in detail the reasons for the dismissal.

After review of the motion and the entire file, the Court finds that Applicant fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The Fed. R. Civ. P. 59(e) motion does not alter the Court's conclusion that this action properly was dismissed. Therefore, the Fed. R. Civ. P. 59(e) motion will be denied.

Accordingly, it is

ORDERED that the motion titled "Motion for Reconsideration" (ECF No. 14) Applicant, Joseph Bradshaw, filed *pro se* on December 18, 2013, and which the Court has treated as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this  3rd  day of    January    , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court