IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02909-LTB

JOSEPH BRADSHAW,

    Applicant,

v.

D. BERKEBILE, Warden,

    Respondent.

---

ORDER DENYING APPLICANT'S MOTIONS
FOR RECUSAL AND RECONSIDERATION

---

    Applicant, Joseph Bradshaw, is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. Bradshaw, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1). On December 3, 2013, the Court denied the habeas corpus application and dismissed the instant action because Mr. Bradshaw had an adequate and effective remedy under 28 U.S.C. § 2255 in the United States District Court for the District of Massachusetts, the sentencing court. ECF No. 12. The judgment was entered on December 3. ECF No. 13. On January 3, 2014, the Court denied Mr. Bradshaw's motion to reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See* ECF No. 15.

    On April 16, 2014, Mr. Bradshaw filed a motion to reconsider pursuant to Fed. R. Civ. P. 60(b) (ECF No. 16) and a motion asking for my recusal pursuant to 28 U.S.C. § 144 (ECF No. 17). The Court must construe the motions liberally because Mr.

Bradshaw is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below the motions will be denied.

## Motion to Recuse

In the recusal motion, Mr. Bradshaw disagrees with my decision to dismiss this action. Because of Mr. Bradshaw's *pro se* status, I will construe the motion for recusal as a motion under 28 U.S.C. § 455, as well as § 144. Plaintiff fails to demonstrate that disqualification is appropriate pursuant to either §§ 144 or 455.

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based on personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). Rumor, speculation, opinions and the like do not suffice. *Id.* "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although the Court must accept the facts alleged in a proper supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving party has a substantial burden "to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Here, Mr. Bradshaw has failed to satisfy the procedural requirements of § 144 in at least two crucial ways. First, he has failed to file a supporting affidavit that is either

sworn to or affirmed. *United States v. Peltier*, 553 F. Supp. 886, 890 n.10 (D. N.D. 1982); *In re Beecher*, 50 F. Supp. 530, 531 (E.D. Wash. 1943). In addition, there is no "certificate of counsel of record stating that [the supporting affidavit] is made in good faith." 28 U.S.C. § 144. As the court noted in *Williams v. New York City Housing Authority*, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003):

> A pro se party cannot supply a certificate of counsel. For this reason, at least one court has concluded that a pro se plaintiff cannot bring an affidavit under 28 U.S.C. § 144. *See Robinson v. Gregory*, 929 F. Supp. 334, 337-38 (S.D. Ind. 1996). The court in *Robinson* noted that not only are the requirements of Section 144 strictly enforced, but the requirement for a certificate of counsel of record prevents abuse of the section's procedures. . . . In addition, the court stated that parties proceeding pro se have other mechanisms available to them to guard against biased or prejudiced judges. *Id.* (noting that 28 U.S.C. § 455 provides an equally applicable means of protest for pro se litigants). [Plaintiff's] affidavit, which is submitted pro se and without a certificate of counsel of record, fails on this threshold matter.

*Accord Glass*, 849 F. 2d at 1267 (holding that "§ 144 requires an affidavit of bias and prejudice, which must be timely, sufficient, made by a party, and accompanied by a certificate of good faith of counsel").

Pursuant to 28 U.S.C. § 455(a), '[a]ny justice, judge, or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The general purpose of § 455(a) is "to promote public confidence in the integrity of the judicial process" and to avoid even the "appearance of partiality." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). "[W]hat matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). Under § 455(a), "a judge has a continuing

duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993). "The decision to recuse is committed to the sound discretion of the district court." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (citation omitted).

"The provisions of 28 U.S.C. § 455(a) do not command automatic disqualification of a judge, to the contrary, it is the duty of the judge who is allegedly biased to pass on the sufficiency of the allegations." *See David v. City & County of Denver*, 837 F. Supp. 1094, 1095 (D. Colo. 1993). A judge has an obligation not to disqualify himself unnecessarily. *See Cooley*, 1 F.3d at 994; *David*, 837 F. Supp. at 1095. A judge is obligated not to recuse when there is no occasion for him to do, just as he is obligated to recuse when there is occasion to do so. *See Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). If, however, disqualification under § 455(a) is a close question, the balance tips in favor of recusal. *See Nichols*, 71 F.3d at 352.

Under § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue; rather, the issue is whether a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality. *Id.* at 351; *Cooley*, 1 F.3d at 993. The standard is purely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See Nichols*, 71 F.3d at 350-51; *Cooley*, 1 F.3d at 993.

In applying the objective test, "the initial inquiry is whether a reasonable *factual*

basis exists for calling the judge's impartiality into question." *Cooley*, 1 F.3d at 993 (emphasis in original).  Application of § 455(a) necessarily includes emphasis on whether a judge's impartiality might "reasonably" be questioned.  *Id.*  Section 455(a) is not to be construed so broadly that recusal would be mandated "upon the merest unsubstantiated suggestion of personal bias or prejudice." *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986) (citing *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982)).  Section 455(a) should not be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial.  *See Cooley*, 1 F.3d at 993.  The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice.  *See Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993.

Mr. Bradshaw's request for my recusal is insufficient because it fails to show personal bias or prejudice.  The recusal motion fails to make any argument that would demonstrate an appearance of partiality.  Mr. Bradshaw's disagreement with my ruling is not sufficient to demonstrate that disqualification is appropriate pursuant to § 455(a) because 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.  Therefore, the April 16 motion for my recusal will be denied.

Motion to Reconsider

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. See Fed. R. Civ. P. 59(e). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). See Van Skiver, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)). Mr. Bradshaw's motion was filed 134 days after the Court's Order of Dismissal and Judgment were entered on December 3, 2013. Therefore, the motion will be construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 60(b).

As previously stated, on December 3, 2013, the Court dismissed the instant action because Mr. Bradshaw had an adequate and effective remedy under § 2255 in the sentencing court. The December 3 dismissal order discusses in detail the reasons for the dismissal.

Relief under Rule 60(b) is appropriate only in extraordinary circumstances. See Massengale v. Oklahoma Bd. of Examiners in Optometry, 30 F.3d 1325, 1330 (10th Cir. 1994). Upon consideration of the motion and the entire file, the Court finds that Mr. Bradshaw fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The Fed. R. Civ. P. 60(b) motion does not alter the Court's conclusion that this action properly was dismissed. Therefore, the Fed. R. Civ. P. 60(b) motion will be denied.

Accordingly, it is

ORDERED that the motion for recusal (ECF No. 17) that Applicant, Joseph Bradshaw, filed on April 16, 2014, and which has been construed liberally as a motion

pursuant to 28 U.S.C. §§ 144 and 455(a), is denied.  It is

FURTHER ORDERED that the motion for reconsideration (ECF No. 16) that Mr. Bradshaw filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure on April 16, 2014, is denied.

DATED at Denver, Colorado, this  18th  day of   April  , 2014.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court